Argued and submitted March 13, reversed June 5, 1991

In the Matter of the Compensation of
William T. Shields, Claimant.

TRI-MET, INC.,
*Petitioner,*

*v.*

William T. SHIELDS,
*Respondent.*

(89-02938, 89-02937; CA A66363)

812 P2d 41

Scott H. Terrall, Portland, argued the cause for petitioner. On the brief were Eric R. Miller and Terrall & Miller, Portland.

Steven T. Fagenstrom, Portland, argued the cause for respondent. With him on the brief were Charles D. Colett and Galton, Scott & Colett, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Employer petitions for review of an order of the Workers' Compensation Board awarding claimant employer-paid attorney fees.

Claimant suffered compensable injuries to his right knee in August, 1984, and February, 1986. The 1986 claim was closed with a determination order on August 1, 1986, with no award of permanent partial disability (PPD). On August 26, 1986, a determination order closed the 1984 claim with an award of 15 percent PPD.

Claimant requested a hearing on the extent of his disability. At the hearing, employer argued that the permanent disability award should have been made for the 1986 claim, rather than for the 1984 claim. The referee agreed and amended the August 26, 1986, determination order to eliminate the PPD award and amended the August 1, 1986, determination order to award 15 percent PPD. The referee stated that, "[b]ecause the employer has already paid claimant on the 1984 claim, that award may be treated as an advance against the 15 percent award ordered on the 1986 claim, resulting in no net payment to claimant." Claimant was not awarded attorney fees, because there had been no increase in his disability award.

Claimant sought review of the referee's order and, on January 5, 1989, the Board affirmed the referee on the merits but held that, although no additional compensation was to be paid to claimant, claimant's attorney was entitled to a fee paid out of the increased award for the 1986 injury. Claimant did not seek review of the Board's order, which became final.

Later, claimant requested a hearing, contending that employer had failed to pay his attorney fees as required by the Board's order. The referee held that employer had no obligation to pay claimant's attorney fees and that they must be paid by claimant out of the award of compensation previously paid to claimant. The Board reversed the referee and, relying on OAR 438-15-090, held that the fees should be paid by employer.

OAR 438-15-090(2) provides:

"An attorney fee which has been authorized under these rules to be paid out of increased compensation awarded by a referee, the Board or a court shall not be subject to any offset based upon prior overpayment of compensation to the claimant."

The rule is a limitation on an employer's right to offset an award of compensation. If a claimant receives an increased award of compensation, out of which an award of attorney fees is payable, but payment of the award is offset by a prior overpayment, that portion of the award that would have been paid to the claimant's attorney as attorney fees is not subject to an offset.

■ The Board held that its earlier decision to give employer a "credit" on the award for the 1986 claim because of an "overpayment" on the 1984 injury was the procedural equivalent of an offset. Because that offset was not available under OAR 438-15-090(2) with respect to the amount that would have been paid to claimant's attorney out of the increased award, it ordered that employer pay that amount to claimant's attorney.

Even assuming that the administrative rule did not authorize the Board to allow the offset, its January 5, 1989, order authorized an offset of the full award and became final when claimant failed to seek review of that determination. It is not subject to collateral attack. There is no other basis for an award of employer-paid attorney fees.

Reversed.